## LEONARD CITROWSKI v. JOHN LIBERT.[1]

April 12, 1935.

No. 30,183.

*Cobb, Hoke, Benson, Krause & Faegre* and *William P. Murphy,* for appellant.

*Mark & Barron* and *Arthur M. Gorman,* for respondent.

[1]Reported in 260 N. W. 297.

270

Per Curiam.

In this action against a surgeon for malpractice, defendant's motion for new trial or judgment notwithstanding was denied on condition that plaintiff consent to a reduction to $2,500 of his $3,000 verdict. That consent given, defendant appeals from the order.

At the time of the accident Leonard Citrowski was about 18 years old. Both bones of his right forearm were broken in a fall from a tree. The fracture was immediately reduced by defendant. But one splint was applied, the arm being taped thereto. The bones did not stay in alignment. Three times successively within a week defendant attempted a resetting, each time with the use of but one splint. The result was not satisfactory, the evidence showing a substantial permanent deformity and loss of function.

The whole issue below was whether, in connection with the splint he did use, defendant should have applied another or posterior splint in order to keep the bones in place. There is medical testimony for plaintiff that the omission of the second splint was improper practice. For defendant the testimony is the other way. The resulting fact question was decided for plaintiff by the jury, and there is no ground upon which we can properly interfere.

Defendant was not a very good witness for himself. When asked what made the fracture "slip all the time," his answer was "I don't know." He admitted that the use of a posterior splint "might have" held the bones in proper alignment. Yet he insisted that he was "proud of this job."

The evidence of permanent deformity and loss of function goes to such extent that it is beyond us to say that the verdict as reduced is excessive.

Order affirmed.